IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP,<br>2001 K Street, N.W.<br>Washington, D.C. 20006,<br><br>    Plaintiff,<br><br> v.<br><br>PIPELINE AND HAZARDOUS MATERIALS<br>SAFETY ADMINISTRATION,<br>1200 New Jersey Avenue, S.E.<br>Washington, D.C. 20590,<br><br>    Defendant. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Three months ago, Akin Gump Strauss Hauer & Feld LLP ("Akin") sent the Pipeline and Hazardous Materials Safety Administration ("PHMSA") a Freedom of Information Act ("FOIA") request, seeking information surrounding a recent decision against the firm's client, MCR Oil Tools, LLC ("MCR"). To date, PHMSA has not produced a single record. In fact, PHMSA has not said whether it will comply with Akin's request at all.

2. This Court should declare that PHMSA's inaction violates FOIA, order PHMSA to promptly disclose the requested records, and enjoin PHMSA from withholding responsive records.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

6. This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

7. Akin is deemed to have exhausted its administrative remedies because, as explained below, PHMSA failed to respond to its FOIA requests within the statutory time limit. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

8. Plaintiff Akin Gump Strauss Hauer & Feld LLP is a law firm in Washington, D.C.

9. Defendant PHMSA is an agency within the U.S. Department of Transportation that develops and enforces regulations for the shipment of hazardous materials.

## BACKGROUND

### A. FOIA Requirements

10. Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)); 5 U.S.C. § 552. To that end, the Act requires agencies to "make reasonable efforts to search" for records requested by the public, and to "promptly" release responsive records to the requestor. 5 U.S.C. § 552(a)(3)(A), (C).

11. FOIA also requires agencies to determine within 20 business days whether it will "comply" with a request. 5 U.S.C. § 522(a)(6)(A). And once it makes that determination, the agency must "immediately notify" the requester of its determination and reasoning. *Id.*

12. In "unusual circumstances," agencies may extend their determination deadline by 10 days. 5 U.S.C. § 552(a)(6)(B).

### B. Akin's FOIA Request

13. Akin represents MCR, a Texas-based manufacturer of radial cutting tools for the pipe recovery industry.

14. On August 21, 2023, Akin asked for:

    a. All explosive classifications assigned by PHMSA to thermite substances and records of these classifications, including UN Test Reports and other documentation submitted by the manufacturer, other classified entity, or test lab.

    b. All explosive classifications assigned by PHMSA to thermite substances transported in articles and records of these classifications, including UN Test Reports and other documentation submitted by the manufacturer, other classified entity, or test lab.

    c. All non-privileged records of the classification of Chammas Plasma Cutters thermite substances and articles containing thermites, including any UN Test Reports and other documentation submitted by Chammas Plasma Cutters or test lab.

    d. All non-privileged records of the classification of Goldschmidt thermite substances and articles containing thermites, including UN Test Reports and other documentation submitted by Goldschmidt or test lab.

    e. All non-privileged records of the classification of BiSN thermite substances and articles containing thermites, including UN Test Reports and other documentation submitted by BiSN or test lab.

    f. All non-privileged records of the classification of ThermOweld thermite substances and articles containing thermites, including UN Test Reports and other documentation submitted by ThermOweld or test lab.

    g. All records of communications between PHMSA and third-parties regarding PHMSA's interim thermite policy, referenced in *In re MCR Oil Tools, LLC*, June 30, 2023 Decision on Appeal, Tracking No. 2023024943 at 5, including records of communications between PHMSA and PHMSA-approved test labs.

    h. All non-privileged records related to research on thermites.

    i. All non-privileged records related to PHMSA's interim thermite policy, referenced in *In re MCR Oil Tools, LLC*, June 30, 2023 Decision on Appeal, Tracking No. 2023024943 at 5.

    j. All records of communications between PHMSA and any foreign national health and safety directive, including the United Kingdom Health and Safety Executive regarding the classification of MCR's B15 mix and MCR's Radial Cutting Torch.

    k. All non-privileged records of the classification of MCR's Radial Cutting Torch, thermite substances, and articles containing thermites,

    including UN Test Reports and other documentation submitted by test labs.

 l. All non-privileged records related to MCR, including related to its Radial Cutting Torch.

 m. All non-privileged records of complaints, fines, accidents, remedial measures, or enforcement actions involving thermites.

 n. All non-privileged records of communications by or between Tom Lynch and Ann Mazzullo regarding MCR's shipment of its Radial Cutting Torch.

15. Two days later, PHMSA responded with a letter confirming receipt of the FOIA request and assigning it control number "PHMS-2023-00218."

16. PHMSA also gave itself a 10-day extension, cursorily citing "unusual circumstances."

17. Nearly three months (60 business days) later, though, PHMSA has not confirmed whether it will comply with the request, much less produced any records responsive to it.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552, for
### Failure to Conduct an Adequate Search for Responsive Records

18. Akin realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

19. PHMSA is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Akin's FOIA request.

20. Akin has a legal right to obtain such records, and no legal basis exists for the Defendant's failure to search for them.

21. PHMSA's failure to conduct a reasonable search for records responsive to Akin's request violates 5 U.S.C. § 552(a)(3)(C).

## COUNT TWO
### Violation of FOIA, 5 U.S.C. § 552, for
### Failure to Disclose Responsive Records

22. Akin realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

23. PHMSA is obligated under 5 U.S.C. § 552(a)(3)(A) to "promptly" produce records responsive to Akin's FOIA request.

24. Akin has a legal right to obtain such records, and no legal basis exists for PHMSA's to withhold them.

25. PHMSA's failure to disclose all responsive records violates 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Akin respectfully requests that this Court:

a. Declare that PHMSA's failure to produce records responsive to Akin's request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

b. Order PHMSA to search for and produce, by a date certain, all records responsive to Akin's FOIA requests in accordance with 5 U.S.C. § 552(a)(3)(C);

c. Enjoin PHMSA from improperly withholding records responsive to Akin's FOIA requests;

d. Award Akin reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable statute or regulation;

e. Retain jurisdiction to ensure PHMSA's ongoing compliance with the foregoing orders; and

f. Grant such other and further relief that this Court deems just, equitable, and appropriate.

Date: November 15, 2023                     Respectfully submitted,

/s/ *Caroline L. Wolverton*
Caroline L. Wolverton, D.C. Bar No. 496433
cwolverton@akingump.com
Susan H. Lent, D.C. Bar No. 413257
slent@akingump.com
Akin Gump Strauss Hauer & Feld LLP
2001 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Akin Gump Strauss Hauer & Feld LLP*